**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIAN CAPACCHIONE,<br><br>   Plaintiff,<br><br>   v.<br><br>CAMDEN COUNTY DEPARTMENT OF CORRECTIONS,<br><br>   Defendants. | No.: 25-11840 (GC) (RLS)<br><br><br>**OPINION** |

**CASTNER, District Judge.**

**THIS MATTER** comes before the Court on its *sua sponte* screening of the complaint (Complaint) (ECF No. 1) filed by *pro se* Plaintiff Christian Capacchione (Plaintiff).[1] At the time Plaintiff submitted his Complaint, Plaintiff was confined at the Camden County Correctional Facility ("CCCF") in Camden, New Jersey. The Complaint, submitted together with an application to proceed *in forma pauperis* (ECF No. 1-1), is subject to screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and 42 U.S.C. § 1997e(c) to determine whether the Court should dismiss the pleading as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

---

[1]Plaintiff identifies himself on the form Complaint as a pretrial detainee. (ECF No. 1 at 2.)

The Court concludes that dismissal is warranted. Plaintiff's claims against Defendant Camden County Department of Corrections shall be dismissed with prejudice, and the Complaint shall otherwise be dismissed without prejudice.

## I.    BACKGROUND

Plaintiff names a single Defendant: the Camden County Department of Corrections ("CCDOC"). (ECF No. 1 at 1, 3.) Plaintiff alleges that CCCF maintains a disciplinary hearing process referred to as "courtline," at which a correctional sergeant — identified by Plaintiff as Sergeant Andre Hammond — and two civilian volunteers preside over disciplinary charges brought against inmates. (*Id.* at 5.) Plaintiff alleges that, under the facility's own procedures, a disciplinary charge must be read and served on the accused inmate by a sergeant, a copy of the charge must be provided to the inmate, the inmate must be permitted to select witnesses to testify at the hearing, the inmate's own statement must be transcribed by the sergeant, and the inmate may request review of available video footage. (*Id.*)

Plaintiff alleges that he has been issued what he describes as "bogus petty charges," citing as an example a disciplinary charge for possessing four rolls of toilet paper in his cell. (*Id.*) He further alleges that, contrary to the facility's stated procedures, he has never been provided copies of the charges against him, that witnesses he requests are never called, that he is sometimes not made aware that he has been charged at all, and that on at least some occasions he has received no hearing whatsoever before being disciplined. (*Id.*) Plaintiff alleges that he has nonetheless been disciplined on this basis, including through confinement extending beyond fifteen days and through periods of reduced food. (*Id.* at 5–6.)

Plaintiff alleges that he attempted to obtain relief through the facility's internal channels, including by filing appeals and writing to the facility's warden and "Intelligence Office," without

2

success. (*Id.* at 4.) For relief, Plaintiff seeks compensation for the additional time he alleges he was confined beyond his proper disciplinary term and for the conditions he experienced, and he requests release from custody. (*Id.* at 6.)

## II.    <u>LEGAL STANDARD</u>

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). Courts must also review prisoner complaints seeking redress against a governmental employee or entity, *see id.* § 1915A(a), or bringing an action with respect to prison conditions, *see* 42 U.S.C. § 1997e(c). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B), 1915A(a), or 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). A court properly grants a motion to dismiss under Rule 12(b)(6) "if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (citing *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir. 1986)).

At this early stage of the litigation, the Court accepts the facts alleged in the *pro se* Complaint as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the

3

pleading, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), abrogation on other grounds recognized by *Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). The complaint must allege "'sufficient factual matter' to show that the claim is facially plausible." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Conclusory allegations do not suffice. *See id.; Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (stating that courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements" (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021))).

While courts liberally construe *pro se* pleadings, *pro se* litigants still are required to allege sufficient facts to support a claim. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). "[The Court's] preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the [c]omplaint would survive a properly supported motion to dismiss filed by a defendant after service." *Stahler v. Kelly*, No. 25-15183, 2026 WL 475379, at *2 n.1 (D.N.J. Feb. 19, 2026) (citing *Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020)).

## III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1 at 2.) To state a claim for relief under § 1983, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff

4

of a federally secured right. *See Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993); *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 itself creates no substantive rights; it provides only a method for vindicating federal rights conferred elsewhere. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

Only a "person" within the meaning of the statute may be sued. Municipalities and other local governing bodies qualify as persons subject to suit under § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), but a county jail or county department of corrections does not, because it is merely an administrative arm of the county rather than a separate legal entity capable of suing or being sued in its own name. *See Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989); *cf. Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agency is not a "person" under § 1983). The sole Defendant Plaintiff names, CCDOC, is not a "person" for these purposes, and Plaintiff's claims against CCDOC shall therefore be dismissed with prejudice, as no amendment could transform CCDOC into a suable "person" under the statute.

A municipality, including a county, may be held liable under § 1983, but only where a plaintiff identifies a municipal policy or custom that was the moving force behind the alleged constitutional violation; liability cannot rest on respondeat superior. *See Monell*, 436 U.S. at 691, 694. The Complaint does not name Camden County and does not allege a municipal policy or custom, and it therefore does not state a claim against the County.

Liability under § 1983 also cannot rest on *respondeat superior* as to an individual; a defendant must have been personally involved in the alleged constitutional violation, whether "through allegations of personal direction or of actual knowledge and acquiescence," pled "with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff describes Sergeant Andre Hammond by name as the officer who presides over courtline hearings, but he does not name Sergeant Hammond, or any other individual, as a Defendant. (*See ECF No.*

5

1 at 3–5.) Without a named individual Defendant alleged to have personally participated in, directed, or knowingly acquiesced in the specific deprivations Plaintiff describes, the Complaint cannot state a § 1983 claim against any individual.

To the extent the Complaint seeks release from confinement, that relief is not available in an action under § 1983. A claim that, if successful, would necessarily imply or require a prisoner's immediate or speedier release sounds in habeas corpus, not § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78–82 (2005).

In civil rights cases, a district court must offer a plaintiff the opportunity to amend a deficient pleading, regardless of whether amendment is requested, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Because amendment would not necessarily be futile, the Court will grant Plaintiff leave to file an amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendant Camden County Department of Corrections shall be **DISMISSED WITH PREJUDICE**, and the Complaint shall otherwise be **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate Order follows.

Dated: July 27, 2026

GEORGETTE CASTNER, U.S.D.J.

6